Filed 2/6/14  In re A.R. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.R., et al., Persons Coming Under the Juvenile Court Law. | B249881<br>(Los Angeles County Super. Ct. No. CK92821) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>G.O.,<br><br>        Defendant and Appellant. | |

APPEALS from the judgment and orders of the Superior Court of Los Angeles County, Carlos E. Vazquez, Judge.  Affirmed in part and dismissed in part.

M. Elizabeth Handy, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

_____

G.O. (mother) appeals from the May 22, 2013 orders sustaining petition allegations as to her children, A.R. and L.R., under Welfare and Institutions Code section 300, subdivision (b),[1] and removing them from her physical custody under section 361, subdivision (c)(1). We affirm the jurisdictional findings and dismiss as moot mother's appeal of the removal order.

## FACTS

The Department of Children and Family Services (Department) originally filed a petition on April 21, 2012, seeking to have A.R. declared a dependent based on repeated incidents of domestic violence between mother and M.R. (father). The petition alleged that A.R. was at substantial risk of harm based on incidents taking place on December 14, 2011, February 18, 2012, and March 4, 2012. On May 10, 2012, the court sustained amended allegations under subdivision (b) of section 300 and placed A.R. with mother, who was to receive family maintenance services. The court ordered services and monitored visitation for father but specified that mother could not be the monitor for father's visits.

While pregnant with a second child, mother successfully completed a domestic violence program and participated in parenting support groups, as well as individual counseling. Father did not comply with court-ordered services and repeatedly failed to appear for random drug testing. He informed the Department that he uses marijuana on a regular basis. He did not visit A.R. In October 2012, mother stated she no longer desired to be in a relationship with father and is prepared to raise her children as a single mother. Mother's second child, L.R., was born in November 2012. On November 9, 2012, the court ordered continued maintenance services for mother and identified termination of jurisdiction as the goal of the dependency proceeding.

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

2

On March 1, 2013, the Long Beach Police Department conducted a drug raid on the apartment complex where mother resided. Father and mother's brother were arrested during the raid. The police report stated that on three separate dates in February 2013, either father or mother's brother sold drugs obtained from the apartment unit where mother was living. On the day of the raid, father entered the apartment complex and asked a police assistant if he wanted marijuana. When the assistant said yes, father walked to mother's apartment unit and then returned to the courtyard with marijuana. According to mother, much of the family's personal belongings, including the children's birth certificates, were destroyed by police during the raid. Maternal grandmother stated the police raided every room but did not find any drug paraphernalia.

Mother acknowledged that father visited individuals who lived in other units in the apartment complex but steadfastly denied she has had any direct contact with father since L.R. was born. Mother claimed she sought to file a restraining order against father on March 6, 2013, but was told she had insufficient information to do so.

The court authorized the Department to enter mother's home and detain the children on March 25, 2013. On March 28, 2013, the Department filed a petition under section 300 on behalf of four-month-old L.R., together with a subsequent petition under section 342 on behalf of A.R. The new petitions alleged that both children were at risk of substantial harm based on their exposure to drug trafficking.

The court held jurisdiction and disposition hearings on May 22, 2013. After admitting Department reports into evidence, the court heard oral argument from the Department and from mother and father's counsel. It sustained the allegations in both petitions relating to mother's failure to protect the children from substantial risk of harm based on her awareness of drug activity but dismissed the allegations based on earlier incidents of domestic violence. At the disposition phase, the court noted its concern about whether mother was being truthful in claiming she did not allow father into the home. Based on those concerns, the court ordered the children removed from mother's custody.

3

**DISCUSSION**

In determining whether an order is supported by substantial evidence, "we look to see if substantial evidence, contradicted or uncontradicted, supports [it]. [Citation.] In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations[.]" (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.)

Mother's opening brief states she is appealing the court's orders declaring her children, A.R. and L.R., dependents. However, she offers no argument on the question of jurisdiction. Because the police report constitutes substantial evidence to support the court's orders sustaining the petition allegations that parents established a detrimental and endangering home environment by exposing the children to drug trafficking, we affirm the jurisdictional findings.

Mother also appeals from the disposition order removing the children from her custody. Mother contends that substantial evidence did not support the court's finding that there was no reasonable alternative to removing the children from her care. (§ 361, subd. (c)(1).)

"'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. [Citations.]' (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.)" (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.) We provided the parties an opportunity to address whether mother's contention concerning the removal order is now moot, based on the November 20, 2013 minute order returning the children to mother, placing them in "home of parent-mother" under Department supervision and conditioned on mother residing with maternal grandmother.[2] Taking judicial notice of the

---

[2] The court sent a letter on December 23, 2013, inviting counsel to file letter briefs on or before January 3, 2014, addressing why mother's appeal is not moot.

4

November 20, 2013 minute order (Evid. Code, § 452, subd. (d)), we dismiss mother's contention regarding the court's disposition order. The issue is moot, because the children have been returned to mother and there is no effective relief that can be given on appeal.

## DISPOSITION

The judgment is affirmed. The appeal of the May 22, 2013 removal orders is dismissed as moot.


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.