Filed 5/23/14  In re D.I. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re D.I., et al., Persons Coming Under the Juvenile Court Law. | B251103 (Los Angeles County Super. Ct.  No. CK97536) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>N.I.,<br><br>        Defendant and Appellant. | |

APPEAL from the orders of the Superior Court of Los Angeles County, Annabelle G. Cortez, Judge.  Affirmed.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Jeanette Cauble, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

N.I. (mother) appeals from the dependency court's (court) June 26, 2013 orders sustaining allegations under Welfare and Institutions Code section 300, subdivisions ( a), (b), and (j),[1] as to her three minor children, S.N., H.N., and D.I. (collectively, the children), removing the children from her physical custody under section 361, subdivision (c)(1), and ordering monitored visits.

We affirm the court's jurisdictional findings and orders removing the children from mother's custody. Mother's appeal of the visitation orders is moot, as the children have been returned to the custody of mother.

## STATEMENT OF FACTS AND PROCEDURE

On January 30, 2013, the Department of Children and Family Services (Department) detained the children from parental custody and filed a petition alleging jurisdiction under section 300, subdivisions (a), (b), and (j), as to S.N. and H.N., and under section 300, subdivisions (a) and (b), as to D.I. The petition was based on multiple factual allegations, including (1) violent altercations between mother and Christopher N., father to S.N. and H.N.; (2) Christopher's threats to kill mother and break the children's necks; (3) Christopher's physical abuse of D.I.; (4) Christopher's mental and emotional problems including suicidal and homicidal ideation; and (5) mother's abuse of illicit drugs.

At the detention hearing on January 30, 2013, the court found that a prima facie case had been established that S.N. and H.N. were persons described under section 300, subdivisions (a), (b), and (j), and D.I. was a person described under section 300, subdivisions (a) and (b). The court further found reasonable efforts had been made to eliminate the need for the children's removal from the home, but that substantial danger existed to their physical and mental health if they remained in the home, and there was no

_____

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

reasonable means to protect them without removal. The children were ordered detained with their maternal great aunt.

The Department filed a first amended petition on March 13, 2013, adding the allegation of jurisdiction under section 300, subdivision (j), as to D.I., and the factual allegation that Christopher physically abused S.N.

The Department recommended that (1) the children be declared dependent under section 300, subdivisions (a), (b), and (j); (2) the children be committed to the Department, which would be responsible for supervision and planning; (3) mother and Christopher receive various family reunification services; (4) mother and Christopher receive monitored visits; and (5) D.I.'s father, Allen R., receive unmonitored visits.

At the June 23, 2013 jurisdiction and dispositional hearing, mother executed and filed a waiver of rights, stating that she submitted to the petition on the basis of the social worker's reports. The court questioned mother with respect to the waiver, asking if she was "submitting the matter to the court based upon the evidence provided by the Department," to which she responded, "[Y]es." The court inquired whether counsel wished to be heard with respect to disposition, and mother's counsel responded that mother wished to testify with respect to unmonitored visits. Mother then testified to steps she had taken to distance herself from Christopher, address her drug addiction, and improve her parenting skills. Mother's counsel stated that mother was requesting unmonitored visits with the children, and presented lengthy argument on the issue. Counsel stated twice that mother was not asking that the children be returned to her.[2] No argument was made that the children should not be adjudged dependents or that removal was improper.

The court sustained counts as to each of the children under section 300, subdivisions (a), (b) and subdivision (j), ordered that S.N. and H.N. be placed in the care of the Department, and that D.I. be placed with his father. It granted mother monitored

_____

[2] Counsel stated, "We are not asking at this point that the children be returned to her" and, "We are not asking for return."

visitation three times per week, and Christopher monitored visits two to three times a week.

## DISCUSSION

### Forfeiture

Mother first contends that the court's findings and orders adjudicating the children dependent and removing them from her custody are not supported by substantial evidence. The Department asserts, and we agree, that mother forfeited her contentions by failing to object below.

"[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.] [¶] Dependency matters are not exempt from this rule. (See, e.g., *In re Dakota S.* (2000) 85 Cal.App.4th 494, 502 [failure to obtain supervising agency's assessment of prospective guardian under § 366.22, subd. (b)]; *In re Lorenzo C.* (1997) 54 Cal.App.4th 1330, 1338-1339 [failure to request court to order bonding study]; *In re Kevin S.* (1996) 41 Cal.App.4th 882, 885-886 [failure to challenge setting of § 366.26 permanency planning hearing when court determined that no reasonable reunification efforts were made].)" (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. omitted.) "[A]pplication of the forfeiture rule is not automatic. [Citations.] But the appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue. [Citations.]" (*Ibid*.)

An exception to the forfeiture rule arises when a parent submits on the Department's report, but not on its recommendation. (*In re Javier G.* (2006) 137 Cal.App.4th 453, 464 (*Javier G.*).) In such cases, "the merits . . . are contested, [and] a parent is not required to object to the agency's failure to carry its burden of proof." (*Ibid*.) As the *Javier G.* court explained, "[i]n a dependency case, when a parent submits or acquiesces on a particular record, 'the court must nevertheless weigh evidence, make

4

appropriate evidentiary findings and apply relevant law to determine whether the case has been proved.' (*In re Richard K.* [(1994)] 25 Cal.App.4th [580,] 589 [*Richard K.*].) Even if the parent does not contest the state of the evidence, he or she preserves the right to challenge it as insufficient to support a particular legal conclusion." (*Javier G., supra,* at p. 464.)

The exception is very narrow, however. A parent waives his or her right to challenge a court's order when the parent submits the matter on the social worker's recommendation, in addition to its report. (*In re Richard K., supra,* 25 Cal.App.4th at pp. 589-590.) By submitting on the recommendation, the parent is endorsing the court's issuance of findings and orders based on the recommendation. (*Id.* at p. 589.) Such endorsement constitutes a forfeiture of the parent's right to challenge the sufficiency of the evidence. (*Ibid.*)

In the instant case, mother's counsel did not specifically state that she submitted on the Department's recommendation when she made her submission. Her subsequent statements, however, plainly show that mother objected only to the recommendation that her visits be monitored, and not to the dependency adjudication or removal of the children. In the course of her lengthy statement, counsel argued only that mother should be allowed unmonitored visits. Importantly, counsel stated twice on the record that mother was not seeking return of the children. This affirmative denial of an intention to object to the children's removal is sufficient to show that mother submitted to the recommendation insofar as removal was concerned, and by extension that she did not object to the children being adjudged dependent, as the children would necessarily be returned if they were not found to fall within the definition of dependent children. As there are no legal issues warranting an exception, we deem the contentions forfeited.

**Mootness**

Mother also appeals from the disposition orders restricting her to monitored visits with the children. Mother contends that the dependency court had no rational basis for ordering that visits be monitored. This contention is moot.

5

"'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief.  [Citation.]'  (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.)" (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.)  We granted the Department's March 4, 2014 motion requesting that we take judicial notice of the court's minute orders dated December 27, 2013, and February 4, 2014, returning the children to mother.  Mother's reply brief, filed subsequently on March 24, 2014, acknowledges the minute orders, but provides no substantive challenge to mootness, stating only that "[m]other is aggrieved until [the removal] finding[] and order[] are invalidated, not merely alleviated by subsequent findings and orders."  Based on the judicially noticed minute orders of December 27, 2013, and February 4, 2014 (Evid. Code, § 452, subd. (d)), we hold that mother's contention regarding the  visitation orders is moot.  The children have been returned to mother and there is no effective relief that can be given on appeal.[3]

## DISPOSITION

The judgment is affirmed.  The appeal of the June 26, 2013 visitation orders is dismissed as moot.


KRIEGLER, J.


We concur:



TURNER, P.J.                                    MOSK, J.

---

[3] For the same reason, mother's contention that the removal orders are not supported by substantial evidence is also moot.

6