180 Cal.App.4th 1489 (2010)
103 Cal. Rptr. 3d 889
In re ANNA S., A Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, Plaintiff and Respondent,
v.
ANGELINA S., Defendant and Appellant.
No. D055036.
Court of Appeals of California, Fourth District, Division One.
January 13, 2010.
*1492 Lelah Selene Forrey-Baker, under appointment by the Court of Appeal, for Defendant and Appellant.
John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, and Gary C. Seiser, Deputy County Counsel, for Plaintiff and Respondent.
M. Elizabeth Handy, under appointment by the Court of Appeal, for Minor.

*1493 OPINION
BENKE, Acting P. J. 
Angelina S. appeals an order detaining her daughter Anna under Welfare and Institutions Code[1] section 388. We dismiss the appeal as moot.

INTRODUCTION
The appellant parent appeals from a detention order that was made after this court filed an opinion reversing an order placing the child with the parent but before the remittitur issued. The parent contends the trial court improperly relied on the nonfinal opinion[2] to detain the child. At issue is whether a trial court may rely on a nonfinal appellate opinion to shape the outcome of ongoing dependency proceedings in the same case.
As we discuss, post, we are concerned about the use, in whole or in part, of a nonfinal opinion, based on a months-old record, to influence the outcome of a matter that should have been decided on evidence of the family's current circumstances and child's needs at the appropriately noticed hearing. Although the issues concerning the validity of the detention order have been rendered moot by the issuance of the remittitur in this court's earlier unpublished opinion (In re Anna S. (Mar. 13, 2009, D053800) (Anna S.)), in view of the importance and ongoing nature of dependency proceedings and the likelihood this issue may again arise in this or other cases, we exercise our discretion to review this issue.
During the pendency of an appeal from an order that awards, changes or otherwise affects the custody of a dependent child, the trial court retains jurisdiction to make subsequent findings and orders in the dependency proceedings. After the appellate opinion is filed, the parties may seek rehearing or file a petition for review, and appellate jurisdiction remains intact. The appellate order, which is contained in its disposition, does not become effective until the remittitur issues. When the remittitur issues, appellate court jurisdiction terminates and the trial court then proceeds as directed by the appellate order, guided by the views expressed in the opinion.
In view of these principles, we conclude the trial court erred to the extent it used a nonfinal opinion of this court to alter its procedures and influence the *1494 outcome of the matter before it. The trial court should have proceeded solely on the basis of its continuing jurisdiction, which authorizes it to continue to decide issues concerning the child's placement and well-being during the pendency of an appeal, based on evidence presented by the parties, under the appropriate statutory provision.

FACTUAL AND PROCEDURAL BACKGROUND
Anna S. is the youngest child of Angelina S. and Tobias S.[3] (together, parents). Anna is now five years old. In January 2006, when Anna was 14 months old, she and her brothers were adjudicated dependents of the juvenile court and removed from parental custody. Tobias was diagnosed with a serious mental health disorder and Angelina had recently threatened to harm herself and Anna. The parents had a five-year history of domestic violence and involvement with child protective services.
The factual and procedural background of the case from November 23, 2006, to September 17, 2008, is detailed in Anna S. Because the questions raised in this appeal involve procedural and substantive issues that occurred after this court filed Anna S., our recitation of the early factual and procedural background of Anna's dependency proceedings is brief.
Anna was in out-of-home placement from November 2005 to March 2007, when she and her brothers were returned to their parents' care. The San Diego County Health and Human Services Agency (Agency) removed the children again in June 2007 because of Angelina's unwillingness and inability to protect them from Tobias's volatile behaviors. Anna remained in foster care placement until September 17, 2008, the date of the scheduled section 366.26 hearing, when the court granted Angelina's section 388 petition to return Anna to her physical custody (placement order). Minor's counsel appealed.
Angelina and Anna lived in a transitional shelter home. In December 2008, without informing the Agency, Angelina traveled across country with Anna in the rented car of a man named Darryl. When they reached North Carolina, Darryl left Angelina and Anna on the side of the road without money, food or transportation. Angelina contacted North Carolina social services for assistance and that agency provided Angelina and Anna with temporary food and shelter and contacted the San Diego Agency. With the assistance of both agencies, Angelina and Anna flew back to San Diego.
*1495 The Agency convinced Kathy Gorzon, the director of the shelter home, to allow Angelina and Anna to return to the shelter. Gorzon stated that after Angelina met Darryl, a former resident, Angelina spent time with him and started breaking shelter rules. The Agency also reported that Angelina had "texted" Tobias to ask for information about bus tickets from Nashville, Tennessee, to San Diego, and Angelina and Tobias were in the same place at a visit on January 14, 2009. The social worker believed that these contacts violated a juvenile court order directing each parent not to have direct or indirect contact with the other parent.
In January 2009 minor's counsel filed a section 388 petition (minor's petition) seeking Anna's removal from Angelina's care for placement in foster care.
The Agency did not agree with minor's counsel's request to remove Anna from Angelina's care. Although Angelina demonstrated poor judgment, the Agency believed the family's circumstances would stabilize with continued in-home services.
At a special hearing on February 4, 2009, the Agency argued minor's petition did not state a prima facie case of changed circumstances and removal from Angelina was not in Anna's best interest. After reviewing the record and reading the Agency's report, the court stated the report supported minor's petition and expressed surprise at the Agency's position. The court set an evidentiary hearing on minor's petition for March 20. The court stated Angelina had the opportunity in that time to show whether she could maintain good judgment in parenting Anna. The court denied minor's counsel's request to detain Anna.
In a report prepared on March 5, 2009, for the hearing on the minor's petition, the Agency recommended the court continue Anna's placement with Angelina. The Agency reported that Anna was a happy, energetic child. She had age-appropriate social skills and normal peer interactions. Anna looked to her mother for comfort. On occasion Anna wore dirty clothes to day care. The Agency remained concerned about Angelina's judgment because of her ill-advised trip to North Carolina and violations of the no-contact order, as documented in previous reports. Angelina viewed the no-contact order as arbitrary and did not believe her contact with Tobias during a supervised visit was improper. The Agency referred Angelina to the Intensive Family Preservation Program.
*1496 Anna S. was filed on March 13, 2009. This court held that the trial court erroneously granted Angelina's September 2008 petition to place Anna in her care because there was not substantial evidence to support a finding of changed circumstances and best interests. This court reasoned the placement order perpetuated the instability and risk to Anna's well-being that had been evident throughout the extended dependency proceedings. The disposition stated, "The order granting Angelina's section 388 petition is reversed." (Anna S., supra, D053800.)
At the scheduled hearing on minor's petition (Mar. 20 proceedings), the trial court held a reported chambers conference to determine the parties' positions on the procedures to follow in view of this court's disposition in Anna S. The trial court noted Anna S. was not yet final and the remittitur would not issue until May 13, 2009. The trial court stated it could not ignore this court's opinion in determining the merits of minor's petition and had contacted the clerk of this court for assistance. The clerk of court advised that without a stipulation by all appellate counsel, the remittitur would not issue immediately.
In open court, minor's counsel requested a continuance of the hearing on her petition until the remittitur issued in Anna S. and asked the trial court to detain Anna in protective custody under section 388. The Agency supported minor's counsel's request and asked the court to detain Anna based on the Agency's addendum reports of February 4 and March 18, 2009, and treat the request as akin to a detention hearing under section 319. Angelina objected to detention on procedural and substantive grounds.
The trial court stated it had read and considered volume II of Anna's dependency case record and this court's opinion in Anna S. The trial court stated that In re Isayah C. (2004) 118 Cal.App.4th 684 [13 Cal.Rptr.3d 198] authorized it to make orders concerning the child's welfare during the interim period between the filing of an appellate opinion and the remittitur. Rather than require the Agency to file a section 387 petition seeking a higher level of care for Anna, the trial court stated it was considering minor's counsel's request to remove the child under section 388. Under this procedure, the trial court stated it was required to make the same findings as it would at a detention hearing under section 319.
After discussing this court's reasoning in Anna S. and principles of appellate procedure, the trial court stated Angelina's circumstances and *1497 judgment made the case high risk. Angelina's cross-country trip with a male acquaintance was very dangerous to Anna. The trial court found that Anna's lengthy dependency proceedings, Angelina's poor judgment and this court's opinion in Anna S. supported a prima facie finding there was a substantial danger to Anna's health and there were no reasonable means by which her physical or emotional health could be protected without removing her from Angelina's custody. The trial court also found there was prima facie evidence that Angelina was a flight risk. (§ 319, subd. (b)(1), (2).) The trial court detained Anna in protective custody (Mar. 20 order or detention order) and continued the hearing on minor's petition until May 15, 2009.

DISCUSSION

I

The Parties' Contentions
Angelina contends the court erred when it detained Anna. She argues the trial court improperly relied on this court's nonfinal opinion and the detention proceedings did not meet the procedural and substantive requirements required under section 319. Angelina asserts the trial court had rejected the previous request for Anna's detention on the same evidence presented at the March 20 proceedings and thus improperly based its order on a nonfinal appellate opinion. She asserts the detention order is not supported by substantial evidence.
The Agency, joined by minor's counsel, contends the appeal has been rendered moot by subsequent events and asks us to take judicial notice of the trial court's order of May 15, 2009.[4] It further argues any possible error is harmless in view of the issuance of the remittitur in Anna S., which superseded the detention order. Alternatively, the Agency argues the court could properly detain Anna under the section 388 petition or this court's opinion, and there was prima facie evidence to support the detention order. The Agency also asserts the trial court had the inherent authority to make detention orders in light of this court's opinion.

*1498 II

Because We Cannot Grant Effective Relief, We Dismiss the Appeal as Moot; However, We Exercise Our Discretion to Review the Issues on the Merits
We deny the Agency's request for judicial notice of the May 15, 2009, minute order. On our own motion, we take judicial notice of this court's remittitur in Anna S., issued May 13, 2009.[5] (Evid. Code, §§ 452, subd. (d), 459.)
(1) "An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. [Citations.]" (In re Esperanza C. (2008) 165 Cal.App.4th 1042, 1054 [81 Cal.Rptr.3d 556].) "However, a reviewing court may exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review. [Citations.] We decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether our decision would affect the outcome in a subsequent proceeding. [Citations.]" (In re Yvonne W. (2008) 165 Cal.App.4th 1394, 1404 [81 Cal.Rptr.3d 747].)
When the remittitur issued in Anna S., the order granting Angelina's petition was reversed and the Agency regained custody of Anna for placement in foster care. This intervening event renders moot the issues concerning the validity of the detention order. Our decision here would not affect the outcome in a subsequent proceeding; therefore we cannot grant effective relief. (In re Esperanza C., supra, 165 Cal.App.4th at p. 1054.)
At issue here is whether the trial court may, in a subsequent dependency proceeding, rely on a nonfinal appellate opinion reversing the trial court's previous order. The Agency acknowledges this issue is of continuing public importance and capable of repetition, yet evading review. (See In re Esperanza C., supra, 165 Cal.App.4th at p. 1054; In re Christina A. (2001) 91 Cal.App.4th 1153, 1158-1159 [111 Cal.Rptr.2d 310].)
We have not found any appellate opinion reviewing this issue. Because of the ongoing nature of dependency proceedings and the possibility of successive appeals, the issue is capable of repetition in this and other dependency cases. Although we conclude the issues raised in this appeal have been rendered moot by subsequent events, we exercise our discretion to review the *1499 issues on the merits and clarify the applicable rules of appellate procedure as they pertain to dependency court jurisdiction. (In re Yvonne W., supra, 165 Cal.App.4th at p. 1404.)
This issue presents a pure question of law, which we review de novo. (Ghirardo v. Antonioli (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960].)

III

Statement of Law
(2) Generally the filing of a notice of appeal deprives the trial court of jurisdiction of the cause and vests jurisdiction with the appellate court until the reviewing court issues a remittitur. (Code Civ. Proc., § 916, subd. (a); People v. Perez (1979) 23 Cal.3d 545, 554 [153 Cal.Rptr. 40, 591 P.2d 63]; Lovret v. Seyfarth (1972) 22 Cal.App.3d 841, 854 [101 Cal.Rptr. 143].) This rule is subject to certain exceptions. (Code Civ. Proc., §§ 917.1-917.9; see also Andrisani v. Saugus Colony Limited (1992) 8 Cal.App.4th 517, 523 [10 Cal.Rptr.2d 444].)
One of the statutory exceptions concerns an appeal from an order that awards, changes or otherwise affects the custody of a dependent child. During the pendency of such an appeal, the trial court retains jurisdiction to make subsequent findings and orders during the pendency of the child's dependency case. (Code Civ. Proc., § 917.7; In re Nicholas H. (2003) 112 Cal.App.4th 251, 259-260 [5 Cal.Rptr.3d 261]; see also In re Natasha A. (1996) 42 Cal.App.4th 28, 38-40 [49 Cal.Rptr.2d 332].) Thus the trial court retains the authority and duty to make orders in accordance with the California dependency scheme while the reviewing court considers the issues raised on appeal.
(3) The reviewing court may affirm, reverse or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. (Code Civ. Proc., §§ 43, 906.) The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned. (In re Francisco W. (2006) 139 Cal.App.4th 695, 704-705 [43 Cal.Rptr.3d 171] (Francisco W.); Griset v. Fair Political Practices Com. (2001) 25 Cal.4th 688, 701 [107 Cal.Rptr.2d 149, 23 P.3d 43]; Hampton v. Superior Court (1952) 38 Cal.2d 652, 656 [242 P.2d 1] (Hampton).)
"The effect of an unqualified reversal (`the judgment is reversed') is to vacate the judgment, and to leave the case `at large' for further proceedings *1500 as if it had never been tried, and as if no judgment had ever been rendered. [Citations.]" (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 869, p. 928 (Witkin); see Hampton, supra, 38 Cal.2d at p. 655.) Generally an unqualified reversal has the effect of remanding the case for a new trial on all the issues presented by the pleadings (Witkin, supra, § 870, p. 929) and the parties have the right to file amended pleadings before a retrial (id., § 872, p. 934).
(4) The general rule that an unqualified reversal results in a retrial does not necessarily apply when the opinion as a whole establishes a contrary intent. It is the substance of the opinion that controls, not the form of the order. (Stromer v. Browning (1968) 268 Cal.App.2d 513, 518-519 [74 Cal.Rptr. 155]; see Snapp v. State Farm Fire & Casualty Co. (1964) 60 Cal.2d 816 [36 Cal.Rptr. 612, 388 P.2d 884].) This exception may not bar a party to a dependency case from amending the pleadings and "trying again" if there are possible valid grounds for retrial in view of the child's best interests. (Cf. In re Janet T. (2001) 93 Cal.App.4th 377, 392 [113 Cal.Rptr.2d 163].)
(5) Until the remittitur issues, the trial court cannot act upon the reviewing court's decision. (Gallenkamp v. Superior Court (1990) 221 Cal.App.3d 1, 12 [270 Cal.Rptr. 346]; see Tamborino v. Superior Court (1986) 41 Cal.3d 919, 921, fn. 1 [226 Cal.Rptr. 868, 719 P.2d 242]; People v. Sonoqui (1934) 1 Cal.2d 364, 365-367 [35 P.2d 123].) The remittitur is not issued until the appellate opinion is final for all purposes. (Cal. Rules of Court, rule 8.272.) The issuance of remittitur is the act by which the reviewing court transfers jurisdiction to the court reviewed. (Gallenkamp v. Superior Court, supra, at p. 12.) When the remittitur issues, the jurisdiction of the reviewing court terminates and the jurisdiction of the trial court reattaches. (Bellows v. Aliquot Associates, Inc. (1994) 25 Cal.App.4th 426, 432-433 [30 Cal.Rptr.2d 723]; Witkin, supra, § 844, p. 906.)

IV

Isayah C. Does Not Contravene General Rules of Appellate Procedure

Angelina contends that In re Isayah C., supra, 118 Cal.App.4th 684 (Isayah C.) does not support the trial court's decision. The Agency acknowledges Isayah C. does not state the dependency court was free to make decisions in response to a nonfinal appellate opinion. We agree.
In its disposition, the Isayah C. court stated that in view of its lack of information about the current circumstances of the dependency proceedings and subsequent court orders, it would leave "to the sound discretion of the *1501 trial court to determine what procedural steps, and what result, are appropriate at this juncture in light of our reversal, the grounds on which it was based, and the current state of affairs in Isayah's family." (Isayah C., supra, 118 Cal.App.4th at p. 701.)
(6) Thus Isayah C. explicitly recognized when an appellate court reverses a prior order of the trial court on a record that may be ancient history to a dependent child, the trial court must implement the final appellate directive in view of the family's current circumstances and any developments in the dependency proceedings that may have occurred during the pendency of the appeal. Isayah C. does not suggest the trial court has the authority to depart from established procedural and evidentiary requirements in dependency proceedings in reliance on a nonfinal appellate opinion.
We know of no rule, statute or precedent that exempts dependency proceedings from generally applicable appellate rules governing disposition and finality. (Cf. Francisco W., supra, 139 Cal.App.4th at pp. 704-705 [general rules of appellate procedures permit the practice of issuing limited reversals of juvenile court judgments]; see In re Zeth S. (2003) 31 Cal.4th 396, 405 [2 Cal.Rptr.3d 683, 73 P.3d 541] [review of juvenile dependency cases governed by general rules of appellate procedure].) To the extent the trial court relied on Isayah C. as legal authority for its action, we conclude the trial court erred as a matter of law.

V

Application of Law to Anna's Dependency Proceedings
The Agency asserts the trial court's procedures were a commonsense response to this court's opinion the September 2008 placement order jeopardized Anna's safety and well-being. The Agency argues when these circumstances exist, the court is not required to ignore the appellate opinion for 30 or 60 days but must be able to consider the opinion as prima facie evidence and exercise its inherent authority to detain the child, whether that authority is akin to a section 319 detention hearing or in recognition of a serious error requiring the prior placement order to be set aside under section 385. (See, e.g., In re Claudia E. (2008) 163 Cal.App.4th 627, 637 [77 Cal.Rptr.3d 722]; Nickolas F. v. Superior Court (2006) 144 Cal.App.4th 92, 117 [50 Cal.Rptr.3d 208].) The Agency contends this authority has not been clearly established in case law and requests we do so here.
We decline to do so.
(7) No matter the status of any related appellate proceeding, the juvenile court has the authority and duty to act to protect the safety of the child. *1502 (§§ 302, 385; Nickolas F. v. Superior Court, supra, 144 Cal.App.4th at p. 117.) The Agency, too, may detain a child and file a section 387 petition to place the child in a higher level of care if it believes the prior placement has not been effective in protecting the child. Minor's counsel, the parents and other interested parties may also file a petition under section 388, as minor's counsel did here. (§ 388.)
We do not believe that an appellate opinion, which reviews "`the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration'" (In re Zeth S., supra, 31 Cal.4th at p. 405, quoting In re James V. (1979) 90 Cal.App.3d 300, 304 [153 Cal.Rptr. 334]) provides an evidentiary basis to conclude there is currently a substantial danger to the physical health of the child (or other circumstance) that permits the court to detain a child under section 319, subdivision (b). Even if this matter did not involve a detention hearing, generally we are reluctant to direct the trial court to make any custodial or placement order without a current assessment of the child's circumstances and needs. (See Isayah C., supra, 118 Cal.App.4th at p. 701.)
In Anna S., this court reversed the court's findings and orders granting Angelina's section 388 petition because they were not supported by substantial evidence. While the opinion is strongly worded, this court did not direct the trial court to take any specific action on remittitur. (Anna S., supra, D053800.) We have the authority to limit the trial court's jurisdiction on remand; had we intended to issue specific directions in our dispositional order, we would have done so. (See Francisco W., supra, 139 Cal.App.4th at pp. 704-705.)
(8) When Anna S. was filed on March 13, 2009, the trial court had before it minor's petition requesting removal from her mother's care. The matter had been properly noticed and set for hearing. We do not understand why the trial court did not proceed with the scheduled section 388 hearing on March 20. If the evidence presented at that hearing supported findings of changed circumstances or new evidence, and the proposed modification was in the child's best interests, the trial court may have granted the petition. (§ 388.) The anticipated reversal of the previous placement order did not authorize the trial court to act in excess of its jurisdiction. Until the remittitur issued, the decision in Anna S. remained under this court's jurisdiction. (Gallenkamp v. Superior Court, supra, 221 Cal.App.3d at p. 12.)
Because the issuance of the remittitur in Anna S. has rendered the detention order moot, we need not review whether the order was procedurally proper and adequately supported by the evidence.

*1503 DISPOSITION
We dismiss the appeal as moot.
McDonald, J., and Aaron, J., concurred.
NOTES
[1] Unless otherwise specified, further statutory references are to the Welfare and Institutions Code.
[2] In this context, "nonfinal opinion" refers to an opinion that has been filed but its remittitur has not yet been issued.
[3] Tobias does not appeal.
[4] On July 30, 2009, the Agency, joined by minor's counsel, filed a request for judicial notice of the trial court's order of May 15, 2009, held after this court issued the remittitur in Anna S. The Agency moved to dismiss this appeal as moot. Angelina opposed the Agency's request and motion.

This court ordered the request for judicial notice and motion to dismiss as moot to be considered with this appeal.
[5] The court and parties discussed remittitur during the proceedings.