Filed 5/22/13  P. v. Wilkinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>TODD MARTIN WILKINSON,<br><br>        Defendant and Appellant. | C070180<br><br>(Super. Ct. No. CM035166) |

Defendant Todd Martin Wilkinson pled no contest to failing to register as a sex offender and admitted he had served two prior prison terms.  The trial court sentenced him to state prison for five years, suspended execution of said sentence, and placed him on probation.  Defendant appeals, contending the condition of his probation that he enroll in and successfully participate in a program of sex offender specific therapy should be stricken as invalid.  We dismiss the appeal as moot.

As a result of defendant's 1997 conviction for rape, he is required to register as a sex offender pursuant to Penal Code section 290.  On September 26, 2011, he was charged with failure to register as required.  It was also alleged he had served two prior prison terms and had a prior strike conviction.

1

On December 8, 2011, defendant pled no contest to failing to register and admitted the prior prison term allegations. He entered the plea with the understanding that the remainder of the complaint and another separate case would be dismissed, no charges would be pursued on a pending police report, and he would receive five years' probation at the outset.

On January 5, 2012, the trial court sentenced defendant to the upper term of three years for failing to register and two consecutive one-year terms for the prior prison term enhancements, for an aggregate term of five years in state prison. The trial court then suspended execution of the sentence and placed defendant on probation for a period of five years. As conditions of probation, defendant was required, inter alia, to enroll in and successfully participate in a program of sex offender specific therapy, complete a one-year, minimum, residential substance abuse treatment program and report to probation as directed.

On January 13, 2012, defendant filed his notice of appeal in this case -- case No. C070180. However, on January 20, 2012, a petition was filed alleging defendant had violated probation by terminating his participation in his residential substance abuse treatment program and failing to report to probation as directed. Defendant admitted terminating his participation in his residential substance abuse treatment program and, on June 28, 2012, the trial court denied reinstatement on probation, revoked the stay of execution, and ordered defendant serve the previously imposed five year prison sentence. Defendant appealed from the trial court's June 28, 2012, orders in case No. C071925.

On September 7, 2012, we directed defendant's appellate counsel to inform this court whether this appeal had been rendered moot by defendant's appeal in case No. C071925. Appellate counsel informed this court that the issue raised in this appeal would remain relevant if the trial court's June 28, 2012, orders at issue in case No. C071925 were reversed and probation were reinstated.

This court has since affirmed the trial court's June 28, 2012, orders denying reinstatement on probation, revoking the stay of execution, and ordering defendant serve the previously imposed five-year prison sentence. We take judicial notice of our unpublished opinion and the record in *People v. Wilkinson* (May 8, 2013) C071925. (Evid. Code, §§ 451, 452, 459.)[1] Accordingly, the probation condition raised herein is no longer at controversy.

Where subsequent events prevent this court from granting effective relief because our decision would not affect the outcome in the proceedings on remand, the appeal is moot. (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.) Accordingly, we dismiss this appeal, raising the validity of a probation condition separate and distinct from that which resulted in the subsequent revocation of defendant's probation, as moot.

## DISPOSITION

The appeal is dismissed as moot.

       ROBIE     , Acting P. J.

We concur:

     BUTZ     , J.

     HOCH     , J.

---

[1] Parties are entitled to a reasonable opportunity, before a cause is submitted for decision, to present information relevant to: (1) the propriety of taking notice of matters not previously noticed; and (2) the tenor of the matters to be noticed. (Evid. Code, §§ 455, subd. (a), 459, subd. (c).) However, in the interest of judicial economy, and because there appears to be no dispute as to the propriety of taking judicial notice and the tenor thereof, we take notice of our records in case No. C071925 without having provided the parties with that opportunity in advance, subject to any party's right to petition for rehearing. (Gov. Code, § 68081.)