Filed 2/13/14  In re Faith L. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re FAITH L. et al., Persons Coming Under the Juvenile Court Law. | D064339 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. SJ12568A/B) |
| v. | |
| ANDREA S., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Dismissed as moot.

Patti L. Dikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

Andrea S. appeals orders summarily denying her petition for modification of a visitation order under Welfare and Institutions Code section 388.[1]  We dismiss the appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2011, the San Diego County Health and Human Services Agency (Agency) initiated dependency proceedings on behalf of Faith L. and D.R. (together the children) when their parents, Andrea S. and David R., Sr., were arrested for child cruelty and being under the influence of narcotics.  The juvenile court ordered a plan of family reunification services for Andrea but denied them to David, who was serving a lengthy prison sentence.

Andrea started using drugs in 1994 when she was 12 years old.  During the reunification period, Andrea participated in inpatient and outpatient substance abuse treatment programs but found it difficult to control her addiction to methamphetamine. She relapsed three times, testing positive for methamphetamine, and refused to test on other occasions.  Each time she relapsed, her visitation with the children was changed from unsupervised to supervised.

In January 2013, the juvenile court terminated reunification services at the 18-month review hearing and set a hearing under section 366.26.  The section 366.26 hearing was continued at the Agency's request to allow them to locate a permanent placement for the children.

---

[1]     All further statutory references are to the Welfare and Institutions Code.

In May 2013, Andrea filed a section 388 petition seeking unsupervised visitation with her children. She stated she successfully graduated from Dependency Drug Court, completed a substance abuse treatment program, and was working with a sponsor through NA/AA to maintain her sobriety. Andrea visited the children regularly and was currently visiting them twice a week for up to eight hours.

On May 30, 2013, the juvenile court denied a hearing on Andrea's section 388 petition, finding there was insufficient evidence to show unsupervised visitation was in the children's best interests.

Andrea appealed the juvenile court's order summarily denying her section 388 petition, seeking reversal and remand with directions to the juvenile court to conduct a full and fair evidentiary hearing to determine whether unsupervised visitation is in the children's best interests.

During the pendency of this appeal, Andrea filed another section 388 petition in juvenile court. On September 4, 2013, following an evidentiary hearing, the juvenile continued the section 366.26 hearing, reinstated family reunification services and authorized the Agency to lift supervision of Andrea's visitation with the children, implement overnight and weekend visitation with notice to minors' counsel, and start a 60-day trial visit with concurrence of minors' counsel.

On this court's own motion, we took judicial notice of the September 4 minute order and directed counsel to file letter briefs discussing whether this appeal has been rendered moot by the subsequent modification hearing and visitation order.

3

DISCUSSION

Andrea contends this appeal has not been rendered moot by the subsequent order because an order authorizing the Agency to lift supervision requirements is not the same as an order granting unsupervised visitation. She asserts the Agency will not interpret the subsequent order as a directive to permit unsupervised visitation.

"An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. [Citation.]" (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054; *In re Anna S*. (2010) 180 Cal.App.4th 1489, 1498.) When no effective relief can be granted, an appeal is moot and will be dismissed. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)

After the juvenile court denied Andrea's request for an evidentiary hearing, she filed another section 388 petition. The juvenile court granted an evidentiary hearing on the second petition and resolved the matter in her favor. Andrea received all the relief she now seeks on appeal—an evidentiary hearing on the extent of her visitation rights with her children. A reversal of the May 2013 order denying an evidentiary hearing on Andrea's earlier petition would be an idle act. In September, the juvenile court fashioned a new visitation order based on the evidence it had before it at the hearing. Our decision would not affect the outcome in a subsequent proceeding; therefore, we cannot grant effective relief. (*In re Esperanza C., supra,* 165 Cal.App.4th at p. 1054; *In re Anna S., supra,* 180 Cal.App.4th at p. 1498.)

## DISPOSITION

The appeal is dismissed as moot.


                                                     McDONALD, J.

WE CONCUR:


NARES, Acting P. J.


HALLER, J.