Filed 10/28/14  In re Nathan H. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re NATHAN H., a Person Coming Under the Juvenile Court Law. | B255718 (Los Angeles County Super. Ct.  No. DK03215) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NORA V.,<br><br>Defendant and Appellant. | |

APPEAL from the orders of the Superior Court of Los Angeles County, Julie Blackshaw, Judge.  Dismissed.

Valerie N. Lankford, under appointment by the Court of Appeal, for Defendant and Appellant.

Richard D. Weiss, Acting County Counsel, Dawyn R. Harrison, Assistant County Counsel, Jeanette Cauble, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

Nora V. (mother) appeals from the dependency court's April 4, 2014 jurisdictional findings declaring Nathan H. a ward of the court under Welfare and Institutions Code section 300, subdivisions (a) and (b).[1]  Mother also appeals from the court's dispositional order requiring B.G. (stepfather) to live outside of the family home while participating in drug rehabilitation.

While the current appeal was pending, the dependency court entered an October 1, 2014 order terminating jurisdiction and directing that custody orders should revert back to the family law order in place before the dependency proceeding began.  We provided the parties an opportunity to address whether we should take judicial notice of the court's October 1, 2014 order and find mother's appeal moot.[2]

 "'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief.  [Citation.]'  (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.)" (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.)  Mother's appeal is moot because no effective relief can be given on appeal.  The dependency court has terminated jurisdiction, and the dispositional order is no longer in effect.  Stepfather may return to living in the home with mother and Nathan.  Mother has not identified any prejudice the jurisdictional findings or the dispositional order may cause her in later dependency or family law proceedings.  Taking judicial notice of the October 1, 2014 minute order (Evid. Code, § 452, subd. (d)), we dismiss mother's appeal.

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] The court sent a letter on October 6, 2014, inviting counsel to file letter briefs, and counsel for the Department and for mother promptly filed letter briefs on October 8, 2014.

## DISPOSITION

The appeal of the April 4, 2014 jurisdictional findings and dispositional order is dismissed as moot.


KRIEGLER, J.

We concur:


TURNER, P. J.


GOODMAN, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3