Filed 7/27/21  In re R.E. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.E. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JASMINE J.,<br><br>    Defendant and Appellant. | F082283<br><br>(Super. Ct. Nos. JD139233-0, JD139234-0)<br><br>**OPINION** |

APPEAL from orders of the Superior Court of Kern County.  Raymonda B. Marquez, Judge.

Jasmine J., in pro. per., for Defendant and Appellant.

Margo A. Raison, County Counsel, and Bryan C. Walters, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

Dependency jurisdiction was taken over then two-year-old R.E. and then one-year-old Rory E. At the Welfare and Institutions Code section 366.26[1] hearing, the juvenile court terminated parental rights and ordered adoption as the children's permanent plan, orders from which no party appealed. Approximately three months after the section 366.26 hearing, appellant Jasmine J., maternal grandmother of the children, filed section 388 petitions requesting placement of the children, which the juvenile court summarily denied. Appellant appeals, in propria persona, from the juvenile court's orders denying her petitions. While this appeal was pending, the children's adoption was finalized, and dependency jurisdiction was terminated. We conclude the appeal is moot and accordingly dismiss it.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2019, the Kern County Department of Human Services (department) filed dependency petitions on behalf of R.E. and Rory alleging they came within the juvenile court's jurisdiction under section 300, subdivision (b) (failure to protect).[2] Specifically, the petitions alleged the children's mother, S.T. (mother), put them at risk of harm due to domestic violence where she was the perpetrator against presumed father, Matthew E. (father), failure to provide basic necessities, and substance abuse.

On February 22, 2019, the juvenile court ordered the children detained from the parents. In the meantime, the children had been placed in foster care.

The department's disposition report indicated mother had provided several relatives' names for possible placement of the children. The social worker mailed "AB 938 notification letters" to the relatives, including appellant, on February 28, 2019.

---

[1] All further statutory references are to the Welfare and Institutions Code.

[2] The petition also contained an allegation under section 300, subdivision (g) because mother had been arrested and had not arranged for the care of the children. However, this allegation was later dismissed because by the time of the jurisdiction hearing, mother was out of custody.

The parents were not present at the combined jurisdictional/dispositional hearing held on August 12, 2019. The juvenile court found the children came within its jurisdiction under section 300, subdivision (b), removed the children from the physical custody of both parents, and ordered the parents to be provided with family reunification services.

Appellant and her partner, Daniel R., visited with the children once per month, and no concerns were noted. Appellant had applied for Resource Family Approval (RFA) for placement of the children, but the application had been closed because appellant was homeless and did not have effective means of communication. Appellant was told once her living situation had stabilized, she could reapply, but as of January 30, 2020, she had not yet reapplied.

The parents were not present at the six-month status review hearing on February 11, 2020, and had not participated in any services during the six-month review period. Finding the parents had made no progress toward alleviating or mitigating the causes necessitating placement and there was not a substantial probability the children could be returned to the parents within six months, the juvenile court terminated the parents' reunification services and set a section 366.26 hearing for June 10, 2020. The June 10, 2020 section 366.26 hearing was continued because father's whereabouts were unknown and he was not given notice of the hearing.

In a status review report dated August 7, 2020, the social worker indicated that appellant and Daniel R. had again applied for RFA for placement of the children, but progress was stalled because they needed exemptions due to their criminal history.

A hearing was held on September 9, 2020, for the continued section 366.26 hearing and for consideration of the children's caregivers' request to be named de facto parents. Neither parent was present. Father was not able to be present because he was in custody and not transported for the hearing because he was in COVID-19 quarantine. Appellant was present. Mother's counsel informed the court appellant had informed him

3.

she had completed the RFA process and began the process of getting criminal exemptions the day before the hearing. Mother's counsel requested the matter be continued and that the court conduct a relative placement hearing. Counsel for the department objected, noting that because the case was set for a section 366.26 hearing, relative placement was not an appropriate consideration at that point and a continuance was not in the best interest of the children. Counsel for the children joined in the department's objection. Father's counsel also requested a continuance based on father's inability to be present. The juvenile court granted the caregivers' request for de facto parent status and continued the hearing so that father could be present. The court did not comment on mother's counsel's request for a relative placement hearing.

The department's section 366.26 report recommended the court order termination of parental rights and a permanent plan of adoption with the children's caregivers. The children had been with their caregivers since April 2019. They appeared happy and comfortable and called the caregivers, "mom" and "dad." The children continued having monthly visits with appellant for a total of seven throughout the dependency proceedings. The visits went well with no concerns noted.

On September 24, 2020, appellant and Daniel R. filed section 388 petitions requesting the court order visitation with the children. Appellant filed a "Relative Information" form (JV-285) the same day. Attached to the JV-285 form was a declaration executed by appellant and Daniel R. on September 21, 2020, which stated, among other things: "We are requesting for both children to be placed in our care. We ask the court to consider appointing us as their primary caretakers by allowing us to adopt them or by appointing us to be their legal guardians."

At the section 366.26 hearing held on September 29, 2020, both parents and appellant were present. All parties submitted on the documents. The juvenile court terminated parental rights and ordered a permanent plan of adoption.

4.

On the same day, the court filed written summary denials of appellant's section 388 petitions because the proposed orders were not in the best interests of the children and because parental rights had been terminated. To our knowledge, no party appealed from the section 366.26 findings and orders nor the court's denials of appellant's September 24, 2020 section 388 petitions.

On October 14, 2020, appellant and Daniel R. filed requests to be named de facto parents of the children. That day, the court filed written orders indicating the requests were denied.

On November 18, 2020, appellant filed section 388 petitions requesting the court to change the following orders: the court's February 11, 2020 order terminating mother's reunification services; the court's September 9, 2020 order approving the children's caregivers as de facto parents; and the court's September 29, 2020 orders terminating parental rights and denying appellant's request for visitation. Appellant requested (1) the children's caregivers' de facto parent status be terminated; (2) the children's caregivers' prospective adoption be terminated; (3) the children be placed in appellant's care; and (4) the court approve appellant's request for adoption of the children.

On November 20, 2020, the juvenile court filed written orders summarily denying the petitions because the petitions did not state new evidence or a change in circumstances and because the proposed change of order did not promote the best interests of the children.

On December 15, 2020, appellant filed section 388 petitions substantively identical to her November 18, 2020 petitions. On December 18, 2020, the juvenile court filed written orders summarily denying the petitions because the petitions did not state new evidence or a change in circumstances and because the proposed change of order did not promote the best interests of the children.

On January 21, 2021, appellant filed a notice of appeal indicating she was appealing from the December 18, 2020 orders denying each section "388 petition for placement and adoption request."

On April 22, 2021, while the appeal was pending, the department filed a request for judicial notice of an order issued at a hearing on March 5, 2021, in the underlying case, that indicated the permanent plan of adoption had been achieved and dependency jurisdiction over the children was terminated. On April 26, 2021, this court deferred ruling on the request pending consideration of this appeal on its merits.

## DISCUSSION

Appellant contends the juvenile court erred by denying her December 15, 2020 section 388 petitions requesting placement and adoption of the children. She raises several issues: (1) the orders requested in appellant's December 15, 2020 section 388 petitions promoted the children's best interests; (2) the court erred by failing to apply the relative placement preference (§ 361.3); (3) the juvenile court did not "assess the nature and strength of the bonds shared between appellant and [the children] to accurately determine the best interest of the children"; (4) the department failed to complete an assessment of appellant's home (§ 361.4); and (5) the children's "overall well-being in their current foster care placement needs to be assessed to determine the children's best interests."

The department contends there are several procedural bars to our consideration of appellant's appeal on its merits. Among them is that the appeal was rendered moot by the juvenile court's subsequent March 5, 2021 order terminating dependency jurisdiction because the children's adoptions were finalized. Appellant does not expressly respond to the department's contention the appeal is moot but nonetheless requests we consider her substantive claims.[3]

---

[3]     Appellant additionally contends "[i]t is immorally wrong and unconstitutional for the court to finalize an adoption in favor of non-relative foster parents when the children

6.

We agree with the department that the appeal is moot and grant its request for judicial notice of the juvenile court's March 5, 2021 order.[4]

An appeal becomes moot when the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. (*In re E.T.* (2013) 217 Cal.App.4th 426, 436.) After an adoption has been finalized, there is no effective relief regarding issues raised in a section 388 petition that may be granted by either a trial court or this court. (See *In re Albert G.* (2003) 113 Cal.App.4th 132, 134–135.) A child cannot be removed from his or her adoptive parents on a section 388 petition. (*In re Albert G.*, at p. 135.) "Instead, like every other child, he [or she] could only be removed under the procedures and with the showings required by section 300." (*Ibid.*)

Because the children's adoption has been finalized and dependency jurisdiction has been terminated, there is no effective relief we can grant by reversing the juvenile court's denials of appellant's December 15, 2020 section 388 petitions.[5] Accordingly,

---

have fit and willing blood-related grandparents who wish to adopt them." To the extent appellant is arguing the court erred by terminating dependency jurisdiction, this issue is not properly before us, as this is an appeal only from the court's December 18, 2020 orders denying appellant's section 388 petitions.

During the pendency of an appeal from an order that affects the custody of a dependent child, the juvenile court retains jurisdiction to make subsequent orders and findings in the dependency proceedings. (§ 395, subd. (a)(1); Code Civ. Proc., § 917.7; *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1499.) Nothing in the record on appeal suggests appellant sought a stay of the termination or adoption orders pending the results of this appeal. (See § 395, subd. (a)(1); Code Civ. Proc., § 917.7.)

[4] See Evidence Code section 452, subdivision (d); see also *In re N.S.* (2016) 245 Cal.App.4th 53 ["[D]ependency counsel have a duty to bring to the appellate court's attention postappellate rulings by the juvenile court that affect whether the appellate court can or should proceed to the merits. (See, e.g., *In re Josiah Z.* (2005) 36 Cal.4th 664, 676 [appellate courts routinely consider limited postjudgment evidence in connection with motions to dismiss].)"].

[5] Though appellant raises some arguments regarding actions taken by the court and the department throughout the dependency proceedings, including actions taking place

7.

the issue raised in the appeal is moot, and we dismiss the appeal. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316 [When an issue is moot, a reviewing court does " 'not proceed to a formal judgment, but will dismiss the appeal.' "].)

## **<u>DISPOSITION</u>**

The appeal is dismissed as moot.


                                                                    DE SANTOS, J.

WE CONCUR:


MEEHAN, Acting P.J.


SNAUFFER, J.

---

before parental rights were terminated, our review is limited to the court's December 18, 2020 denials of appellant's December 15, 2020 section 388 petitions.

An appeal from the most recent order entered in a dependency matter may not challenge prior orders for which the statutory time for filing an appeal has passed. (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1018.)  Permitting a party to raise issues going to the validity of a final earlier appealable order directly undermines dominant concerns of finality and reasonable expedition, including the child's and the state's predominant interests.  (*Ibid.*)