Filed 3/29/22  In re R.K. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re R.K., a Person Coming Under the Juvenile Law. | B310579, B311477 |
| _____ | (Los Angeles County Super. Ct. No. 19LJJP00325A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| M.J. et al., | |
| Defendants and Appellants. | |

APPEAL from findings and orders of the Superior Court of Los Angeles County, Robin R. Kesler, Judge Pro Tempore. Dismissed.

Christine E. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant M.J.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant E.K.

Amir Pichvai for Plaintiff and Respondent.

The juvenile court assumed dependency jurisdiction over four-month-old R.K. (Minor) when her parents, M.J. (Mother) and E.K. (Father), pled no contest to allegations that Minor was endangered by her parents' history of substance abuse and domestic violence, and by Mother's mental health issues. The court found Minor was not an Indian child under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and related California law.

At a later contested review hearing, the juvenile court found Minor's return to Father's care would be detrimental and released Minor into Mother's custody. Father appealed and argued, among other things, the Los Angeles County Department of Children and Family Services (the Department) failed to satisfy its inquiry and notice obligations under ICWA.

While Father's appeal in case number B308976 was pending in this court, the Department filed a supplemental petition in the juvenile court alleging Mother failed to comply with orders that she participate in random drug testing and take her psychotropic medication. In its supporting reports, the Department reminded the juvenile court of its earlier finding that ICWA did not apply and did not disclose any further ICWA-related inquiries. The juvenile court sustained the supplemental petition and removed Minor from her parents in January 2021.

Mother and Father appealed separately and we consolidated the proceedings for briefing, argument, and decision. In their opening briefs, the only argument Mother and Father presented (that is relevant for our purposes now) is the argument that the juvenile court's findings and orders should be reversed because the court's earlier ICWA finding was not supported by substantial evidence.

3

After the parents filed their opening briefs, we filed an unpublished opinion resolving Father's earlier appeal. (*In re R.K.* (Oct. 29, 2021, B308976) [nonpub. opn.] (*R.K. I*).) We conditionally reversed the court's review hearing order and remanded with directions to require the Department to demonstrate full compliance with its ICWA inquiry and notice obligations.

The Department thereafter argued in its respondent's brief that we should dismiss this appeal as moot in light of the conditional remand we ordered for ICWA compliance in *R.K. I.*[1] That is right. In view of our holding in *R.K. I*, there is no effective relief we can grant parents in this consolidated appeal.[2]

---

[1] Shortly before filing its respondent's brief, the Department also filed a letter in this court captioned "Request for Dismissal on Mootness Grounds." It is duplicative of the arguments made in the respondent's brief. Although the "request" was not filed as a motion, both parents filed letters opposing dismissal on mootness grounds, noting our opinion in *R.K. I* was not yet final at that time and contending the conditional reversal in *R.K. I* was "not binding upon the juvenile court for [this appeal]." *R.K. I* is final now, as our Supreme Court denied review, and the conditional reversal with directions to comply with ICWA and related California law is binding where it matters: on the juvenile court.

[2] Mother's reply brief, accompanied by a request for judicial notice that we grant, argues we should not dismiss on mootness grounds because the juvenile court terminated her and Father's parental rights and ordered a permanent plan of adoption three days before we issued our opinion in *R.K. I*. According to Mother, the further ICWA inquiry ordered by *R.K. I* is "impossible for the juvenile court to effectuate" because the court's jurisdiction over

Accordingly, we dismiss the appeal as moot. (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054 ["An appeal becomes moot when, . . . , the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief"]; see also *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498, 1502-1503 [dismissing appeal as moot because an intervening event prevented the granting of any effective relief].)

---

Minor was "terminated." That is incorrect. The juvenile court's jurisdiction over Minor did not end when it terminated Mother and Father's parental rights. (Welf. & Inst. Code, § 366.3, subd. (a)(1) ["If a juvenile court orders a permanent plan of adoption, . . . the court shall retain jurisdiction over the child . . . until the child . . . is adopted . . ."].) The minute order terminating Mother and Father's parental rights finds "continued jurisdiction is necessary," notes that custody of Minor is transferred to the Department for further adoptive planning and placement, and states the likely date by which the adoption would be finalized would not occur until December 28, 2021 (on which date the court scheduled a further permanency planning review hearing).

## DISPOSITION

The consolidated appeal is dismissed as moot.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.


We concur:



MOOR, J.



KIM, J.