Filed 7/21/22  In re N.H. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re N.H., A Person Coming Under the Juvenile Court Law. | B312543 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>R.H.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP00453C) |

APPEAL from orders of the Superior Court of Los Angeles County, Martha A. Matthews, Judge.  Dismissed.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

V.H. (Mother) has three children: fifteen-year-old Nathan, fourteen-year-old N.H., and seven-year-old Nash.[1] Nathan and N.H. lived with Mother, Nash, and Nash's father, R.H. (Father).[2] The juvenile court assumed jurisdiction over all three children, finding they were at substantial risk of suffering serious physical harm because Father sexually and physically abused N.H. The court removed Nash from Father's custody, and only that order (removing Nash) is challenged in this appeal. While the appeal has been pending, the juvenile court terminated jurisdiction over Nash with an order granting Mother and Father joint legal and physical custody. We consider whether the appeal is accordingly moot.

## I. BACKGROUND

In late December 2020, the Department received a referral alleging N.H. had been sexually abused by Father. N.H. disclosed Father sexually abused her from the time she was nine years old until she was twelve.

The following month, the Department filed a six-count dependency petition alleging N.H., Nathan, and Nash were dependent children. Counts a-1, b-2, and j-2 alleged Father physically abused N.H. by striking her with a belt. Counts b-1, d-1, and j-1 alleged Father sexually abused N.H. All six counts alleged Mother failed to protect the children by allowing Father to live in the home and have unlimited access to N.H. All six

_____

[1]   These were the children's ages at the time dependency proceedings commenced.

[2]   Nathan and N.H.'s father was another man.

2

counts also alleged the abuse of N.H. placed Nathan and Nash at risk of serious harm.

At an adjudication and disposition hearing, the juvenile court sustained the Department's petition in part. The court sustained the allegations that Father sexually abused N.H. (counts b-1, d-1, and j-1).[3] The court also sustained the allegation in count j-2 that Father physically abused N.H. and that abuse placed all three children at risk of harm. The court dismissed counts a-1 and b-2.

The juvenile court removed Nash from Father's custody and ordered him to remain with Mother.[4] The court ordered monitored visitation for Father and ordered him to participate in a parenting course, sex abuse counseling for perpetrators, and individual counseling to address case issues.

Father appealed the juvenile court's order removing Nash from his custody. While the appeal has been pending, the juvenile court terminated jurisdiction over Nash, awarded Mother and Father joint legal and physical custody, and specified Nash's primary residence would be with Mother.[5]

---

[3]    The court amended count d-1 by interlineation to remove references to Nathan and Nash.

[4]    N.H. and Nathan were declared dependents of the juvenile court, but they were not removed from either parent.

[5]    This court granted the Department's request to take judicial notice of the order terminating dependency jurisdiction and the subsequent custody order. (Evid. Code §§ 452, subd. (d), 459.)

## II.  DISCUSSION

"'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. [Citations.]' [Citation.]" (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.)  "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot." (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.)  "[D]ismissal for mootness in such circumstances is not automatic, [however,] but 'must be decided on a case-by-case basis.'" (*Ibid.*; see also *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"] (*N.S.*).)

When the juvenile court terminated jurisdiction, the Department's supervision of the family also terminated and Nash was returned to Father's custody (jointly with Mother).  The sole basis for the appeal, the challenge to the order removing Nash from Father's custody, has accordingly been rendered moot.

Father offers no persuasive argument to the contrary.  He concedes "the precise nature of [his] future harm cannot be definitely determined," but he contends the appeal is not moot because he believes the removal findings and order could have "'unfavorable consequences'" in the future.  The contention is speculative and insufficient to defeat application of settled mootness doctrine.  (See, e.g., *N.S.*, *supra*, 245 Cal.App.4th at 62-63 ["We see no reason to review the juvenile court's jurisdictional findings here on the basis of such speculation or caution. . . . [¶] . . . [And w]e are unconvinced . . . that any ruling we could issue here would have any practical effect on future

4

dependency proceedings"]; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1494-1495.)  Father also states, in one sentence, that the juvenile court's removal findings were partly the basis for the court's orders making Mother's home Nash's primary residence and "'restricting' [F]ather's contact with Nash to three visits per week."  The statement, however, is inconsequential; Father does not challenge the sustained jurisdiction findings, nor does he challenge the terms of the joint custody order.

### DISPOSITION

The appeal is dismissed.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

KIM, J.