Filed 8/16/22  In re G.D. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re G.D. et al., Persons Coming Under the Juvenile Court Law. | B314503 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>E.D.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP01722E-G) |

APPEAL from orders of the Superior Court of Los Angeles County, Hernan D. Vera, Judge.  Dismissed.

Emery El Habiby, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

The juvenile court assumed dependency jurisdiction over siblings Jan.D., Jo.D., and Jac.D. (collectively, Minors) after finding true allegations that Jan.D. and Jac.D. were experiencing mental health issues and needed counseling but E.D. (Father) failed to ensure they received that treatment.[1]  Father appeals the jurisdiction findings, the juvenile court's disposition order requiring Father to undergo individual counseling, and the juvenile court's denial of his request to terminate jurisdiction at the disposition hearing.  While this appeal has been pending, the juvenile court terminated jurisdiction over Minors and granted Father sole legal and physical custody of the children.  We consider whether the order terminating dependency jurisdiction renders this appeal moot.

## I.  BACKGROUND

In early June 2021, when Jac.D. was interrupting his teacher and other students in his class at school, Jac.D.'s teacher said Jac.D. would get in a lot of trouble when he's older if he continued to act up; the teacher suggested people might want to hit or fight Jac.D.  In response, Jac.D. said, "What if I get a gun?"  A few days later, Jac.D.'s class was meeting via Zoom and discussing motivational quotes.  The teacher asked the students to come up with more examples, and Jac.D. said "murder comes to people."  The Department was called thereafter and began investigating.

---

[1]     At the time dependency proceedings commenced, Father had full custody of Minors.  Their mother, V.E., had limited to no contact with Minors and was not involved in the dependency proceedings.

The Department interviewed Father and each of the Minors. Father declined to consent to Jac.D. undergoing a mental health assessment and said he did not want any of his children to engage in any type of mental health services. When asked what Father believed the family needed, Father said he just wanted the Department to leave them alone. Jan.D. reported she used to have suicidal thoughts and used to cut her wrist but she denied current suicidal ideation. Jan.D. did not believe she needed counseling and said she could talk to Father and other family members instead. Jac.D. denied thinking about hurting himself or others and said he did not feel sad. When asked about counseling, Jac.D. similarly said he was not interested.

The Department filed a six-count dependency petition in July 2021. Counts b-1, c-1, and j-1 alleged Jan.D. had mental and emotional problems, including suicidal ideation and self-harming behavior, that require mental health treatment; Father failed to ensure Jan.D. received mental health treatment as recommended by school personnel; and Father's medical neglect of Jan.D. placed her and her siblings Jo.D. and Jac.D. at risk of serious harm. Counts b-2, c-2, and j-2 similarly alleged Jac.D. also had mental and emotional problems, including making comments about killing and hurting others, that required mental health treatment; Father failed to ensure Jac.D. received mental health treatment as recommended by school personnel; and Father's medical neglect of Jac.D. placed him and his siblings Jo.D. and Jan.D. at risk of serious harm.

A Department social worker conducted further interviews following an initial detention hearing where the juvenile court ruled the children would remain placed with Father. Jan.D.

3

reported she wanted to see a therapist and was open to receiving counseling services. Jac.D. said he did not want to speak to a therapist or receive counseling; he also said Father did not want him to receive counseling because it could stay on his record. Father said he did not believe Jan.D. needed therapy but would support her and allow her to participate if she wanted to do so. Father was willing to allow Jac.D. to participate in therapy if he wanted to do so, but Father would not force the issue.

At an adjudication and disposition hearing, the juvenile court amended the petition by interlineation and sustained the Department's petition in part. The court sustained counts b-1 and b-2, which alleged Jan.D. and Jac.D. have mental and emotional problems and Father failed to provide for their mental health needs. The amendments to these sustained counts removed the allegation that Father's medical neglect endangered the child's siblings. The court struck the remaining petition counts and Jo.D. was removed from the petition entirely. The court continued Minors in Father's care.

Father appealed the juvenile court's jurisdiction findings and disposition order. While the appeal has been pending, the juvenile court terminated dependency jurisdiction over Minors and ordered Father to have sole legal and physical custody of the children.[2]

---

[2] This court granted the Department's request to take judicial notice of the order terminating dependency jurisdiction and the subsequent custody order. (Evid. Code, §§ 452, subd. (d) and 459.)

4

## II.  DISCUSSION

"'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. [Citations.]' [Citation.]" (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498, second alteration added.)  "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot." (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.)  "[D]ismissal for mootness in such circumstances is not automatic, [however,] but 'must be decided on a case-by-case basis.'" (*Ibid.*; see also *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].)

When the juvenile court terminated jurisdiction, the Department's supervision of the family also terminated and the court withdrew from any further involvement.  There is accordingly no effective relief we could order in this appeal and Father makes no argument to the contrary.  The appeal is moot.

DISPOSITION

The appeal is dismissed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We concur:



RUBIN, P. J.



KIM, J.