Filed 10/2/15  In re T.P. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re T.P., a Person Coming Under the Juvenile Court Law. | B261233 (Los Angeles County Super. Ct. No. CK92273) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. C.B., Defendant and Appellant. | |

APPEAL from the judgment and orders of the Superior Court of Los Angeles County, Marguerite Downing, Judge.  Dismissed as moot.

Joseph D. Mackenzie, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

C.B. (mother) appeals from the October 23, 2014 jurisdictional findings declaring her son, T.P., to be a minor described by Welfare and Institutions Code section 300, subdivision (b).[1]  Mother's sole contention on appeal is the dependency court failed to comply with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) after Tr.P. (father)[2] claimed possible Indian heritage.

We dismiss the appeal as moot because after mother commenced the appeal, the dependency court terminated dependency jurisdiction and granted mother sole custody of T.P. pursuant to section 362.4.

## FACTUAL AND PROCEDURAL BACKGROUND

The Los Angeles County Department of Children and Family Services (Department) initially detained T.P. from mother on July 25, 2012, when he was five months old.  On December 10, 2012, the dependency court sustained three counts of a first amended petition under subdivision (b) of section 300, relating to (1) mother's failure to protect T.P., (2) physical abuse of T.P.'s older half-brother, and (3) domestic violence between father and his girlfriend.  The Department filed a section 342 subsequent petition [3] on February 26, 2014, adding allegations of physical abuse and medical neglect by father and his girlfriend.  On April 21, 2014, the Department amended the petition to include an allegation regarding mother's marijuana abuse.

---

[1] All statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] Father is not a party to this appeal.

[3] A subsequent petition is filed to allege new facts or circumstances constituting additional grounds for jurisdiction that are different than those sustained under the original petition.  (§ 342.)

On October 23, 2014, the court sustained the count related to mother's marijuana abuse, but ordered T.P. to be placed with mother.[4]  Mother filed a notice of appeal on December 19, 2014 and her opening brief on March 23, 2015.  On May 1, 2015, the dependency court finalized an order terminating jurisdiction and granting mother sole custody of T.P., with monthly visitation for father.[5]

On July 1, 2015, the Department filed its Respondent's Brief, together with a request to notice the lower court's post-appeal orders and a motion to dismiss mother's appeal as moot.  Mother has not filed a reply brief or any opposition to the Department's request for judicial notice or its motion to dismiss.

## DISCUSSION

"'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief.  [Citations.]'  (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.)" (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.)  "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot.  [Citations.]" (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.)  "[N]o direct relief can be granted even were we to find reversible error, [if] the juvenile court no longer has jurisdiction and we are only reviewing that court's ruling." (*In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.)  "However, dismissal for mootness in such circumstances is not automatic, but 'must be decided on a case-by-case basis.' [Citations.]" (*In re C.C., supra*, at p. 1488.)

---

[4] The court continued the proceeding to consider counts pertaining to father at a later date.

[5] We grant Respondent's Motion to Take Judicial Notice of Post-Judgment Evidence on Appeal, taking judicial notice of the court's minute orders dated April 28, 2015, and May 1, 2015.  (Evid. Code, § 452, subd. (d)(1).)

3

In this case, the court has already granted mother sole custody of T.P. and terminated its jurisdiction, and the only relief mother seeks is a limited reversal and remand for the ICWA compliance. The ICWA only applies to child custody proceedings, defined by section 224.1, subdivision (d) as "including a proceeding for temporary or long-term foster care or guardianship placement, termination of parental rights, preadoptive placement after termination of parental rights, or adoptive placement." "[T]he legislative intent behind ICWA expressly focuses on the removal of Indian children from their homes and parents, and placement in foster or adoptive homes." (*In re J.B.* (2009) 178 Cal.App.4th 751, 759, italics omitted.) The notice provisions of the ICWA "com[e] into play when the [Department] seeks foster care placement and the juvenile court has reason to believe the child is an Indian child. [Citations.]" (*Ibid*.) Because the dependency court terminated jurisdiction before mother's appeal was fully briefed, there is no "child custody proceeding" to which the ICWA can be applied, and therefore an order requiring the ICWA compliance would be fruitless.

## DISPOSITION

We dismiss mother's appeal as moot.


KRIEGLER, J.


We concur:


TURNER, P. J.                    MOSK, J.

4