Filed 6/30/16  In re V.G. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re V.G. et al., Persons Coming Under the Juvenile Court Law. | H042412 (Santa Clara County Super. Ct. Nos. 1-15-JD-23076, 1-15-JD-23077) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES, Plaintiff and Respondent, v. T.D., Defendant and Appellant. | |

On June 1, 2015, J.F. and his half-sister, V.G., were declared dependent children of the court and ordered into foster care, having been found to come within the provisions of Welfare and Institutions Code section 300, subdivisions (b) and (c).[1]  T.D., the children's mother, along with Justin F., J.F's father, appeals, seeking review of a pre-disposition order requiring the children to be vaccinated.  Justin F. contends that it was improper to make this order before J.F. was declared a dependent child of the court; mother joins in Justin F.'s argument.  We find the issue to be moot and must therefore dismiss the appeals.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

*Background*

V.G. [2] and J.F., then aged five years and nearly nine months respectively, were taken into protective custody by the deputy sheriffs for Santa Clara County. Mother was arrested for child endangerment because she had exposed the children to secondhand marijuana smoke and numerous safety hazards, and the children had access to marijuana, marijuana paraphernalia, rat feces, an open well in the backyard, and excessive trash and clutter throughout the home. The Department of Family and Children's Services (DFCS) filed a petition for each child, describing the circumstances of the children's removal by the sheriffs and further alleging that mother continued to abuse methamphetamine and marijuana despite having completed an outpatient drug program. DFCS further alleged that the children were repeatedly being exposed to domestic violence perpetrated by Justin F. The petition and subsequently amended petition cited section 300, subdivisions (b) and (c).

In the social worker's jurisdiction/disposition report prepared for a February 23, 2015 hearing, she noted that "[d]ue to personal beliefs," mother and Justin F. "do not believe in having the children vaccinated." After the hearing was continued to March 18, 2015, the social worker submitted an addendum report in which she again noted that both mother and Justin F. were "not in agreement with the children in [*sic*] receiving any immunization."

At the continued hearing DFCS recommended family reunification services for mother and for each child's father. DFCS also asked the court to order that the children receive immunizations, consistent with their doctor's advice. Mother and Justin F. both objected. Mother's attorney explained that mother "just does not believe in immunization, and it's based on the research and material that she's read regarding the

---

[2] The alleged father of V.G. was then in prison. According to DFCS, he had a history of substance abuse, for which he was being treated, and domestic violence for which he was not taking responsibility.

2

harms of immunization." Justin F.'s counsel explained, "Your Honor, my client practices the Buddhist religion, and he views that religion as a naturalist religion, so he thinks that immunizations are an unnatural process. It's manmade, and he believes in leaving it to nature's care, and that's the basis of his objection."

At that point the court ruled on DFCS's request: "The Court has had ample time to consider the issue. I certainly respect the parents' position and their objection to the immunization. The Court is going to order [that] the immunizations occur immediately." The matter was then set for an "Early Resolution Conference" to take place on April 13, 2015.

By the April 13 "Early Resolution" hearing, both appellants had modified their stance on immunizations. Justin F. was "no longer objecting to the immunizations." Instead, recognizing that some immunizations had already been administered, he asked "that the immunizations going forward happen in a delayed or staggered manner, which he learned is a way that can be easier on the child so it doesn't all have to happen at the same time." Mother was "in support of that plan as well, to stagger the immunizations." DFCS represented to the court that it would stagger the immunizations according to the doctor's recommendation.

In preparation for the hearing on jurisdiction and disposition, the social worker submitted another addendum report, the third in the proceedings. In this document she stated that both children had received multiple vaccinations, V.G. on April 8 and J.F. on April 17. J.F.'s could not be staggered as appellants had requested, because the pediatrician had said that J.F. was "too far behind on his vaccinations to stagger them."

On May 26, 2015, the court finally heard testimony from both parents and argument from counsel regarding jurisdiction and disposition, and on June 1, 2015, it announced its ruling. DFCS had withdrawn its allegations under section 300, subdivision (c); accordingly, the court addressed only subdivision (b) of the statute, as alleged in the first amended petition. Those allegations were sustained, and both minors

3

were adjudged dependent children of the court. The court further found by clear and convincing evidence that removal from mother's home was necessary in order to protect the children, and that it would be a "substantial risk of detriment" to return J.F. to Justin F.'s custody. Accordingly, both children were ordered into the custody of DFCS for placement in foster care, with reunification services to both mother and each child's father.

Mother timely filed her notice of appeal from this order. Both appellants, however, had already filed premature notices of appeal from the March 26 immunization order. On June 16, 2015, on this court's own motion, Justin F.'s notice of appeal from the March 26 immunization order was deemed to have been taken from the June 1 dispositional order. In a subsequent order, we granted Justin F.'s request to file an amended notice of appeal. The two parents' appeals were ordered to be considered together for purposes of briefing, oral argument, and disposition.

*Discussion*

Justin F. challenges the March 18, 2015 order that J.F. be vaccinated over his objection. Mother joins in Justin F.'s argument and applies it to V.G. as well. Appellants anticipate the dispositive procedural obstacle to reversal by urging this court not to treat the issue as moot, but to consider it on the merits "because it will reoccur yet evade review." Their position cannot withstand analysis.

"As a general rule, appellate courts decide only actual controversies. Thus, 'it has been said that an action [that] originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events.' [Citation.]" (*In re Christina A*. (2001) 91 Cal.App.4th 1153, 1158.) "An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief." (*In re Esperanza C*. (2008) 165 Cal.App.4th 1042, 1054.) " 'A reversal in such a case

4

would be without practical effect, and the appeal will therefore be dismissed.' " (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.)

It is true, of course, that a technically moot case may still be resolved " 'if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review. [Citations.] We decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether our decision would affect the outcome in a subsequent proceeding. [Citations.]' " (*In re Anna S.* (2010) 180 Cal. App. 4th 1489, 1498, quoting *In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404; *In re Jody R.* (1990) 218 Cal. App. 3d 1615, 1622.)

Here, however, the facts demonstrate the mootness of the issue and neither appellant demonstrates the applicability of the exception. Justin F. admits that "the issue on appeal is moot because [J.F.] received vaccinations nearly a year ago on April 17, 2015. Similarly, the issue on appeal is most likely moot as Father agreed to [J.F.'s] receiving vaccinations after the order was entered and prior to the vaccinations being given." This concession is appropriate. We cannot overlook the facts before us by simply asserting, without more, that the issue is one of "public concern." The objections to the immunizations were personal to each parent—mother's based on her "research" and Justin F.'s based on his religion—and there is no evidence that they were "compelled to agree with the order despite [their] beliefs." Because the order for immunizations was followed—and because both appellants *withdrew* their objections to the procedure—there is no live controversy or any effectual relief that could be granted to appellants. Nor have appellants convinced this court that the case poses an issue of broad and continuing public interest which justifies its resolution on the merits. Having presented no other issues directed at the proceedings leading to disposition, appellants' challenge cannot be sustained.

*Disposition*

The appeal is dismissed.

5

_____
ELIA, ACTING P.J.

WE CONCUR:


_____
BAMATTRE-MANOUKIAN, J.



_____
MIHARA, J.






*In re V.G. et al.*; *DFCS v. T.D.*
H042412