Filed 11/25/20  In re A.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | B304707 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 19CCJP05963) |
| Plaintiff, | |
| v. | |
| A.M., | |
| Objector and Appellant, | |
| CESAR M., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steff Padilla, Judge Pro Tempore. Dismissed.

Marissa Coffey, under appointment by the Court of Appeal, for Objector and Appellant.

Pamela Deavours, under appointment by the Court of Appeal, for Defendant and Respondent.

_____

A.M. (minor) appeals a January 6, 2020 order granting father Cesar M. reunification services. Minor argued on appeal that the juvenile court erred when it failed to bypass father's reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(10). On November 5, 2020, while minor's appeal was pending, the juvenile court terminated reunification services for both parents, finding that the Department of Children and Family Services had offered reasonable reunification services, and that parents' participation was not substantial.

On November 9, 2020, we provided the parties an opportunity to address whether we should take judicial notice of the court's November 5, 2020 order terminating reunification services and declare minor's current appeal moot. Minor filed a letter brief agreeing that the appeal was moot. No additional letter briefs were filed.

"'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant

2

effective relief.  [Citations.]' (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.)" (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.)  Taking judicial notice of the minute order entered on November 5, 2020, (Evid. Code, § 452, subd. (d)), we dismiss minor's appeal as moot.

RUBIN, P. J.          BAKER, J.          MOOR, J.

3