Filed 4/20/21  In re M.J. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re M.J., a Person Coming Under the Juvenile Court Law. | B307575 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.J., <br><br> Defendant and Appellant. | Los Angeles County Super. Ct. No. 19CCJP05823B |

APPEAL from an order of the Superior Court of Los Angeles County, D. Brett Bianco, Judge. Dismissed.

Linda J. Vogel, under appointment by the Court of Appeal, for Defendant and Appellant.

Amir Pichvai for Plaintiff and Respondent.

# INTRODUCTION

In this dependency case, the juvenile court found jurisdiction over the minor, M.J., based upon nine separate counts under Welfare and Institutions Code[1] section 300, subdivisions (a), (b) and (j), relating to past episodes of domestic violence, J.J.'s (mother's) substance abuse, mother's serious mental health concerns, and M.B.'s (father's) ongoing substance abuse. After mother suffered a disabling psychiatric episode during the proceedings below and was hospitalized, the juvenile court removed the minor from her care and placed the minor in a foster home.

Mother challenges five of the court's nine jurisdictional findings (those relating to her history of substance abuse and domestic violence) but does not contest the remaining four jurisdictional findings. Father does not appeal. Because the jurisdictional findings regarding mother's mental health status and father's substance abuse are unchallenged, our decision would have no impact on the court's ongoing jurisdiction over the minor. Further, given mother's lengthy history with the Department of Children and Family Services (Department), the jurisdictional findings she challenges here are unlikely to prejudice her significantly in any future proceedings. We therefore conclude that mother's appeal does not present a justiciable controversy and dismiss the appeal.

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

## FACTUAL BACKGROUND

Mother and father each have extensive histories with the Department.[2] They have two children together, the minor (now approximately one year old) and A.B. (age 2). A.B. is also a dependent of the juvenile court and has been placed in foster care. Mother has three older children who were removed from her care and with whom she failed to reunify: Two of those children (ages 8 and 9) are in their father's custody and one (age 5) is under legal guardianship.

Due to mother's history, the Department was notified when mother gave birth to the minor in April 2020. The Department was not immediately concerned about the minor's safety with mother, however, because she had been in compliance with her case plan in A.B.'s case and was on track to reunify with him in July 2020. Ultimately, the Department filed a petition under section 300, subdivisions (a), (b), and (j), detained the minor from father, and ordered the minor placed in mother's home. The court set the matter for a hearing on adjudication and disposition in late August 2020.

On July 9, 2020, the Department filed an ex parte application seeking to detain the minor from mother. A few days earlier, mother, the minor, and A.B. had been observed outside a Denny's restaurant. A.B. was crying hysterically, the minor was lying on the concrete, and mother was unresponsive to questioning. The family had apparently been out in the sun for approximately three hours. Mother was transported to the hospital where she tested negative for drugs and alcohol. A.B.

---

[2] Father is not a party to this appeal.

was returned to her foster home and the minor was placed there on an exigent basis. The court detained the minor from mother and ordered monitored visitation as well as updates concerning mother's mental health status.

The Department subsequently filed an amended petition under section 300, adding specific allegations regarding mother's mental health status. The court dismissed the earlier petition and accepted the amended petition.

Prior to the hearing on adjudication and disposition, the Department filed a report updating the court on mother's condition. Although mother had been released from the hospital in mid-July after a seven-day stay, she was rehospitalized shortly thereafter. The Department remained concerned about mother's mental health status and recommended that the court wait to return the minor to mother's custody until mother had undergone a complete psychiatric evaluation and her condition stabilized. At the time of the hearing, mother was still hospitalized and was the subject of a temporary conservatorship.

On August 28, 2020, the court conducted the adjudication and disposition hearing. The court found the minor to be a person described by section 300 and sustained the nine jurisdictional allegations as pled in the amended petition. Specifically, the court found jurisdiction under section 300, subdivision (a):

"a-1 [¶] The Child['s] mother, … and the father, … have a history of engaging in violent altercations. On a prior occasion, the mother and father hit and slapped each other in the presence of the child's siblings [A.B.] and [G.J.]. On 6/28/19, the mother was convicted of battery. On prior occasions, the mother failed to comply with the criminal protective order and the father failed to enforce the criminal protect[ive] order. The sibling [A.B.] is a

current Dependent of the Juvenile Court due to the violent conduct of mother and father. The violent conduct by the father and the mother endangers the child's physical health and safety, creates a detrimental home environment, and places the child at risk of serious physical harm, damage and danger."

The court sustained four additional jurisdictional allegations under section 300, subdivision (b):

"b-1 [¶] The child['s] mother, … and the father, … have a history of engaging in violent altercations. On a prior occasion, the mother and father hit and slapped each other in the presence of the child's siblings [A.B.] and [G.J.]. On 6/28/19, the mother was convicted of battery. On prior occasions, the mother failed to comply with the criminal protective order and the father failed to enforce the criminal protect[ive] order. The sibling [A.B.] is a current Dependent of the Juvenile Court due to the violent conduct of mother and father. The violent conduct by the father and the mother endangers the child's physical health and safety, creates a detrimental home environment, and places the child at risk of serious physical harm, damage and danger.

"b-2 [¶] The Child['s] mother, … has a history of substance [abuse] including marijuana which renders the mother incapable of providing regular care for the child. The child's half sibling, [G.J.] was a prior dependent of the Juvenile Court and received Permanent Placement services due to the mother's substance abuse. The child's sibling [A.B.] is a current dependent of the Juvenile Court due to the mother's substance abuse. Said substance abuse by the child's mother endangers the child's physical health and safety and places the child at risk of serious physical harm, damage and danger.

"b-3 [¶] The child['s] father, … has a history of substance [abuse] and is a current abuser of marijuana, which renders the father incapable of providing regular care for the child. On 01/09/20, 02/05/20, and 02/28/20 the father had positive toxicology screenings for marijuana. The father is a registered controlled substance offender. The father has a criminal history of convictions including, possession of marijuana for sale, transport/sell narcotics/controlled substance and possession of narcotics controlled substance. The child is of such tender age that the child requires constant care and supervision. The child's sibling [A.B.] is a current dependent of the Juvenile Court due to the father's substance abuse. Said substance abuse by the child's father endangers the child's physical health and safety and places the child at risk of serious physical harm, damage and danger.

"b-4 (AMENDED) [¶] The child['s] mother, … has mental and emotional problems including a diagnosis of Bi Polar Disorder, auditory and visual hallucinations, paranoia[,] depression, suicidal ideation and anxiety which renders the mother incapable of providing the child with regular care and supervision. On a prior occasion in 2013, and in 2020 the mother was involuntarily hospitalized multiple times for the evaluation and treatment of the mother's psychiatric condition. The mother failed to take the mother's psychotropic medication as prescribed and failed to participate in mental health treatment. Further, the mother is demonstrating aggressive and volatile behavior. The child's half siblings, [H.S.] and [C.S.] are prior dependents of the Juvenile Court due to the mother's mental health problems. The half sibling [G.J.] was a prior dependent of the Juvenile Court and received Permanent Placement services due to the mother's

mental health problems. The child's sibling [A.B.] is a current dependent of the Juvenile Court due to the mother's mental health. Such mental and emotional problems on the part of the mother endangers the child's physical health and safety and places the child at risk of serious physical harm, damage and danger."

Finally, the court sustained four additional jurisdictional allegations under section 300, subdivision (j), identical in substance to the four allegations sustained under section 300, subdivision (b).

The court ordered the minor removed from mother and to remain suitably placed with monitored visitation for mother and father, and discretion to liberalize. As to mother, the court ordered random drug testing for six months, mental health counseling, medication compliance, individual counseling, and continuation of mental health services.

Mother timely appeals.

## DISCUSSION

Although mother appeals the court's dispositional order, she does not directly challenge any portion of that order. Mother does not seek to alter the current custody arrangement, nor does she contest the imposition of monitored visitation. Instead, mother argues that the jurisdictional findings made by the court related to her history of substance abuse and domestic violence are unsupported by substantial evidence. We conclude mother's appeal does not present a justiciable issue.

### 1. Justiciability

It is a fundamental principle of appellate practice that an appeal will not be entertained unless it presents a justiciable

issue. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489–1490 (*I.A.*).) " 'A judicial tribunal ordinarily may consider and determine only an existing controversy, and not a moot question or abstract proposition. ... [A]s a general rule it is not within the function of the court to act upon or decide a moot question or speculative, theoretical or abstract question or proposition, or a purely academic question, or to give an advisory opinion on such a question or proposition. ...' " (*Wilson v. L.A. County Civil Service Com.* (1952) 112 Cal.App.2d 450, 452–453; *I.A.*, at p. 1490.) An important requirement for justiciability is the availability of "effective" relief—that is, the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status. This court must decide actual controversies by a judgment which can be carried into effect, and not give opinions upon moot questions or abstract propositions or declare principles or rules of law which cannot affect the matter in issue in the case before us. (*Costa Serena Owners Coalition v. Costa Serena Architectural Com.* (2009) 175 Cal.App.4th 1175, 1205–1206; see also *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498 [a case is moot when it is " 'impossible for the appellate court to grant the appellant effective relief' "]; *Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503 ["A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief"].) When the court cannot grant effective relief to the parties to an appeal, the appeal must be dismissed. (*Costa Serena*, at p. 1206; *I.A.*, at p. 1490.)

## 2. Mother's appeal does not present a justiciable issue.

Mother contends the counts relating to domestic violence (a-1, b-1, and j-1) and her prior substance abuse (b-2 and j-2) are

8

not supported by substantial evidence. She does not challenge the remaining four jurisdictional findings.

"It is commonly said that the juvenile court takes jurisdiction over children, not parents." (*I.A., supra*, 201 Cal.App.4th at p. 1491.) And it is settled that if the court finds one parent's conduct has created circumstances triggering section 300, the court may assert jurisdiction over the child. (*In re P.A.* (2007) 155 Cal.App.4th 1197, 1212; *In re Alexis H.* (2005) 132 Cal.App.4th 11, 16.) Here, because mother does not challenge the jurisdictional findings involving father's drug use (b-3, j-3) or her mental health condition (b-4, j-4) those findings are final and adequately support the court's jurisdiction over the minor. Accordingly, even if we were to conclude that the jurisdictional findings challenged by mother are not supported by substantial evidence, our decision would have no impact on the court's ongoing jurisdiction over the minor. In this circumstance, an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence. (E.g., *I.A.*, at p. 1495*; In re Alexis E.* (2009) 171 Cal.App.4th 438, 451 [addressing remaining findings only "[f]or [f]ather's benefit"]; *In re Joshua G.* (2005) 129 Cal.App.4th 189, 202 [when a jurisdictional allegation involving one parent is found supported, it is "irrelevant" whether remaining allegations are supported]; *In re Shelley J.* (1998) 68 Cal.App.4th 322, 330 [declining to address remaining allegations after one allegation found supported]; *Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 72 [same].)

Nevertheless, mother asks this court to exercise its jurisdiction to hear her appeal on the merits. " ' "[W]e may … exercise our discretion to reach the merits of a challenge to any

jurisdictional finding when the finding may be prejudicial to the appellant … .” ’ [Citation.]” (*In re A.F.* (2016) 3 Cal.App.5th 283, 289.) Mother insists that the jurisdictional findings regarding her history of drug use and domestic violence would be prejudicial to her in future dependency proceedings. We disagree. Our consideration of those findings could not provide mother with any effective relief because evidence of mother's past drug use and volatile behavior with domestic partners and others also forms the basis of past juvenile dependency court rulings—rulings that ultimately resulted in mother's permanent loss of custody for three of her children. Accordingly, we conclude that mother's appeal does not present a justiciable issue and must be dismissed.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.

10