Filed 12/9/21  In re I.G. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re I.G., a Person Coming Under the Juvenile Court Law. | |
| HUMBOLDT COUNTY DEPARTMENT OF HEALTH & HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>T.G.,<br><br>        Defendant and Appellant. | A162115<br><br>(Humboldt County<br> Super. Ct. No. JV190156) |

In this dependency appeal, T.G. (father) challenges the juvenile court's dispositional orders with respect to his daughter, I.G. (born January 2014). Specifically, he claims that the juvenile court's removal order was not supported by substantial evidence and that the minor should be returned to his care.  While this appeal was pending, I.G. was placed with father under a family maintenance plan.  We therefore dismiss the appeal as moot.

**BACKGROUND**

D.G. (mother) and father have a history of negative interactions toward each other which have adversely affected I.G. and their ability to coparent the minor.  Most recently, the Humboldt County Department of Health &

1

Human Services (Department) filed a petition alleging that I.G. came within the provisions of subdivisions (b)(1) and (c) of section 300 of the Welfare and Institutions Code[1] based on concerns that the interactions between the parents were "so negative, aggressive and emotionally destructive" that I.G. experienced physiological stress symptoms. On June 21, 2020, I.G. felt such severe abdominal pain that she had to be airlifted to UCSF Benioff Children's Hospital to rule out appendicitis. The Department further alleged that father falsely accused mother of refusing to consent to medical care for the minor and that he obtained a letter stating mother should have no contact with the minor despite the fact that she had been granted full custody.

Jurisdiction was established under section 300, subdivisions (b)(1) and (c) after a contested hearing on September 23, 2020. The minor remained in mother's custody with supervised visitation for father. In December 2020, minor's counsel filed a modification petition, arguing that I.G. was at risk in mother's care and requesting that the minor be removed from mother. The Department supported the minor's section 388 motion. It recommended reunification services for both parents, including psychological evaluations to assess the impact of their mental health on I.G. On December 18, 2020, the juvenile court granted the modification request, detaining I.G. from mother and increasing father's visitation in light of his cooperation with the Department. The Department filed a section 342 subsequent petition a few days later, memorializing its position that mother's mental health and/or substance abuse issues had interfered with her ability to provide safe and appropriate parenting for I.G.

Father filed his own section 388 motion on January 12, 2021. He requested that there be no change in I.G.'s foster care placement without a

---

[1] All statutory references are to the Welfare and Institutions Code.

court order unless the placement was with relatives, and that the Department immediately share the results of all placement evaluations. The Department was having a difficult time placing with a relative because neither parent would agree to the other parent's choice. It opined that the parents needed to address their mental health concerns, learn to coparent effectively, "and not let their personal relationship get in the way of their daughter's physical and mental health." When the Department placed the minor with a maternal aunt in January 2021 who could keep the minor connected to her Indian heritage, father claimed it showed a bias towards mother.

A contested section 342 jurisdictional, dispositional, and section 388 hearing began on January 20, 2021. Father requested placement of I.G. with him or a paternal relative and/or expanded and unsupervised visitation "with a clear transition plan." At the conclusion of the contested hearing on February 8, 2021, the court found the allegations in the section 342 petition true, declared I.G. a juvenile court dependent, ordered reunification services, and continued the matter for an interim review. The court set the interim review to determine whether father's visitation could be unsupervised and stated it was also looking for a precise visitation schedule for both parents that could only be changed by court order. On February 22, 2021, the court received an update on the parents' participation in services and ordered a supervised visitation plan for both mother and father.

Father filed a timely notice of appeal from the February 2021 dispositional and visitation orders of the court. In his opening brief, he argued that insufficient evidence supported the juvenile court's decision to remove the minor from his custody. The Department responded that the

matter is now moot since I.G. was placed with father at the six-month review on September 20, 2021, and family maintenance services were ordered.[2]

## DISCUSSION

" ' "[A]s a general rule it is not within the function of the court to act upon or decide a moot question or speculative, theoretical or abstract question or proposition, or a purely academic question, or to give an advisory opinion on such a question or proposition." ' " (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1490.) Instead, courts focus on deciding actual controversies in which effective relief can be granted. (*Ibid.*; see *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.) " 'It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)

As we have previously held, "the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.) We have thus instructed "parties in dependency appeals . . . to forward postappeal rulings by the juvenile court when they affect the appellate court's ability to grant effective relief or may play a proper role in the consideration of the appeal's merits." (*Id.* at p. 58.) We have also recognized that, even when effective relief cannot be given to the parties, an appellate court still retains discretion to reach the merits of an appeal under

---

[2] At the request of the Department, we augmented the record with the relevant six-month review documents on September 30, 2021.

4

certain circumstances," such as when there is an issue of broad public interest that is likely to recur, there is a likelihood that the controversy will recur, or material questions remain for the court's determination." (*Id.* at p. 60, fn. 3.)

Here, the Department properly provided us with the juvenile court's postappeal minutes from the September 20, 2021 hearing in this matter, as well as the related "6 Month Review Findings and Orders" filed on September 29, 2021, and we augmented the record to include the two documents. As described above, these materials disclose that I.G. was returned to the home of her father in September 2021, under a family maintenance plan. Given subsequent events, the Department argues—and father concedes—that the issues regarding placement and visitation raised in this appeal are now moot. We agree. Moreover, we see no reason to exercise our discretion to retain the appeal in this fact-specific and ever-evolving custody dispute, nor has father provided us with one. Under the circumstances, we will dismiss the appeal.

## DISPOSITION

The appeal is dismissed as moot.

SANCHEZ, J.


WE CONCUR:


HUMES, P. J.


BANKE, J.


A162115
*In re I.G.*