Filed 1/27/22  In re Cesar C. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re CESAR C., a Person Coming Under the Juvenile Court Law. | B311997 (Los Angeles County Super. Ct. No. 20CCJP02675C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. CESAR C., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hernan D. Vera, Judge.  Dismissed.

Emery El Habiby, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

Appellant Cesar C. (father) appeals from the order establishing dependency jurisdiction over his son Cesar (born 2019) based on domestic violence between father and Cesar's mother, Christyana C. (mother).[1]  The juvenile court found that the parents had a history of engaging in violent physical altercations in the child's presence; that on one occasion in March 2020 father physically restrained mother and kicked her, inflicting a bruise on her shin; and that father's violent conduct and mother's failure to protect Cesar placed him at risk of serious physical harm.

While this appeal was pending, the juvenile court terminated jurisdiction and awarded father and mother joint legal and physical custody of Cesar.  We dismiss the appeal as moot.

"'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. [Citations.]' (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.)" (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.)  "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot." (*In re C.C.* (2009) 172 Cal.App.4th 1481,

---

[1]     Mother is not a party to this appeal.

2

1488.) "[D]ismissal for mootness in such circumstances is not automatic, [however,] but 'must be decided on a case-by-case basis.'" (*Ibid*.; see *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error."].)

The juvenile court's order terminating jurisdiction withdrew the Los Angeles County Department of Children and Family Services' supervision of the family and any further court involvement and granted father and mother joint legal and physical custody. Because there is no further relief we could grant father in this appeal from the court's jurisdiction findings, the appeal is moot.

Father nevertheless asks us to exercise our discretion to decide the merits of the moot jurisdictional issue. He asserts *In re Drake M.* (2012) 211 Cal.App.4th 754 (*Drake M.*) supports such an exercise of discretion. The court in *Drake M.* stated that an appellate court may exercise its discretion to consider an otherwise moot challenge to a jurisdictional finding if the challenged finding "(1) serves as the basis for dispositional orders that are also challenged on appeal [citation]; (2) could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings [citations]; or (3) 'could have other consequences for [the appellant], beyond jurisdiction' [citation]." (*Id.* at pp. 762-763.)

None of the factors enumerated in *Drake M.* warrant an exercise of discretion to consider the moot issue here.[2] Father

---

[2]     If we were to exercise our discretion to consider the merits of father's appeal, the record contains substantial evidence to support the juvenile court's jurisdictional findings.

3

does not challenge the dispositional orders granting him joint legal and physical custody of Cesar and dependency jurisdiction has been terminated. Father's contention that the juvenile court's findings could have future adverse consequences is limited to conclusory, speculative assertions that the findings could potentially impact future dependency cases or affect future custody arrangements with mother. Those assertions are insufficient to defeat application of the settled mootness doctrine. (See, e.g., *In re N.S., supra*, 245 Cal.App.4th at pp. 62-63 ["We see no reason to review the juvenile court's jurisdictional findings here on the basis of such speculation or caution. . . . [¶] . . . [¶] [And w]e are unconvinced . . . that any ruling we could issue here would have any practical effect on future dependency proceedings."]; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1494-1495.)

## DISPOSITION

The appeal is dismissed.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
HOFFSTADT, J.

4